IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 07-40181
Conference Calendar

DOUGLAS E MITCHELL

Plaintiff-Appellant

V.

J CHARLES CLINKSCALES, DDS

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-682

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Douglas E. Mitchell appeals the district court's dismissal, for lack of subject-matter jurisdiction, of his suit seeking $2,246.00 and nonpecuniary relief because of Dr. Clinkscales's alleged failure to perform oral surgery as promised. We have reviewed de novo the district court's reasons and judgment, the record, and Mitchell's brief and find no error in the district court's judgment.

"[F]ederal courts are . . . empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to them by . . . Congress." Sarmiento v. Texas Bd. of Veterinary Med. Examiners

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by and through Avery, 939 F.2d 1242, 1245 (5th Cir. 1991). Subject-matter jurisdiction exists if a suit arises under the Constitution, laws, or treaties of the United States or arises between parties of diverse citizenship. Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1238 (2006). The burden of pleading and proving subject-matter jurisdiction is on the party invoking federal jurisdiction. Gassie v. SMH Swiss Corp., 165 F.3d 23 (5th Cir. 1998).

The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. See 28 U.S.C. § 1332. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. See 28 U.S.C. § 1331.

The district court was required to dismiss the complaint. See FED. R. CIV. P. 12(h)(3). Because Mitchell failed to raise an issue of arguable merit in this court, this appeal is dismissed as frivolous. See McGrew v. Rodriguez, 47 F.3d 425 (1995); 5th CIR. R. 42.2. Mitchell's motion for appointment of counsel is denied. Additionally, we take notice of our decisions in Mitchell v. Bilby-Knight, No. 95-40185 (5th Cir. May 17, 1995) (unpublished), and Mitchell v. Owens, No. 95-40166 (5th Cir. May 18, 1995) (unpublished), which dismissed Mitchell's appeals as frivolous. We also notice that in the instant action Mitchell certified to the district court that he had not previously been issued a sanction warning, a certification revealed to be false by our decision in Bilby-Knight. Mitchell is warned that the presentation of further frivolous actions will result in the imposition of sanctions, including monetary penalties and restrictions on his ability to seek relief in this court or in any court subject to our jurisdiction.

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.